Filed 5/5/26  P. v. Robertson CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

|  |  |
|---|---|
| THE PEOPLE,<br>      Plaintiff and Respondent,<br><br>      v.<br><br>SHAWN TROY ROBERTSON,<br>      Defendant and Appellant. | C102721<br><br>(Super. Ct. No. 22CF03129) |

Defendant Shawn Troy Robertson pled no contest to assault with force likely to result in great bodily injury.  On appeal he contends the trial court's victim restitution order is not supported by substantial evidence.  We will affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In June 2022, defendant accelerated his SUV toward the victim, a tow truck driver, who was called to remove a car from a residential property.  When the victim jumped out of the way of defendant's truck, defendant hit the tow truck and then drove away.

In June 2024, defendant pled no contest to assault with force likely to result in great bodily injury.  (Pen. Code, § 245, subd. (a)(4)).[1]  Based on a negotiated plea agreement, the trial court imposed and suspended the upper term of four years in state prison and granted defendant two years of formal probation.  The court imposed victim

---

[1]     Further undesignated statutory references are to the Penal Code.

restitution as a part of defendant's probation conditions (§§ 1202.4, subd. (f), 1203.1, subd. (a)(3)) and reserved jurisdiction to determine the amount at a restitution hearing.

The People requested $15,600 in restitution to compensate the victim for six months of lost wages as a result of defendant's assault. At the restitution hearing, the People did not call any witnesses and submitted on their briefing, which contained pay stubs to substantiate the victim's work history, a letter from a medical provider, and a declaration by the victim. The pay stubs reflected just under six months of earnings from June to November 2022, totaling $13,646.28. The letter from the medical provider indicated defendant was off work and received mental health treatment from March to August 2023. The victim's declaration stated that he made roughly $2,600 per month in 2023.

Defendant argued the evidence submitted by the People was insufficient to substantiate the requested restitution amount. The pay stubs submitted by the People were from June through November 2022, but the letter from the medical provider indicated defendant was not working from March through August 2023. The pay stubs were also from a different company than the victim stated was his employer in his declaration. Defendant further argued that the victim's mental health condition did not have a nexus to the crime because the victim claimed damages almost a year later.

The trial court asked the parties a second time if they wanted to put on any witnesses or present any other evidence. Both parties declined. The court also asked the People if they had any explanation for the victim's delay in seeking mental health treatment. The People indicated they had no other information outside of their briefing.

The trial court found that the only evidence before it was the declaration and the "statements" contained in the People's briefing and that there was "nothing to contradict that." The court considered the lapse in time from the date of the crime to when the victim left work due to a mental health condition, which "[gave] the court pause."· However, the court found it was not uncommon for the onset of symptoms of a mental

2

health condition to present months after a traumatic incident. It further found that the payment records supported monthly income "in the range of $2,600 a month." The court ordered $15,600 in restitution.

Defendant timely appealed and obtained a certificate of probable cause.

## DISCUSSION

Defendant claims the trial court abused its discretion when it imposed victim restitution. He argues that there is insufficient evidence that defendant earned $2,600 per month and, to the extent the restitution order was based on lost commission wages, there was insufficient evidence of lost commission wages.

Where the victim of a crime has suffered economic loss because of a defendant's actions, section 1202.4 requires the court to order the defendant to pay restitution to the victim in an amount sufficient to fully reimburse the victim. (§ 1202.4, subd. (f).) A court " ' "must use a rational method that could reasonably be said to make the victim whole." ' " (*People v. Valle* (2023) 93 Cal.App.5th 1329, 1332.) However, the restitution order "should not overcompensate the victim with a windfall." (*Ibid*.)

Where a trial court orders a defendant to pay restitution as a condition of probation under section 1203.1, the court has broader discretion to impose restitution, so long as it is "reasonably related either to the crime of which the defendant is convicted or to the goal of deterring future criminality." (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1123; see also *People v. Martinez* (2017) 2 Cal.5th 1093, 1101-1102 ["A trial court's power to order restitution in probation cases is thus broader than its power to order direct victim restitution under section 1202.4," because the statute is " 'explicit and narrow' "].)

As an initial matter, we conclude the trial court imposed victim restitution as a condition of probation. It then reserved jurisdiction to determine the amount later at a restitution hearing.

We review a trial court's restitution order for abuse of discretion. (*People v. Gemelli* (2008) 161 Cal.App.4th 1539, 1542.) We will only reverse where the order is

3

arbitrary or capricious, or where the amount of restitution ordered lacks a "rational and factual basis." (*Ibid*.) A victim's right to restitution is to be " 'broadly and liberally construed.' " (*People v. Stanley* (2012) 54 Cal.4th 734, 737.)

Victim restitution must be proven by a preponderance of the evidence. (*People v. Gemelli*, *supra*, 161 Cal.App.4th at p. 1542.) "Once the victim makes a prima facie showing of economic losses incurred as a result of the defendant's criminal acts, the burden shifts to the defendant to disprove the amount of losses claimed by the victim" by submitting evidence to rebut the victim's claimed loss. (*Id.* at p. 1543.) No particular kind of proof is required to make a prima facie showing at a restitution hearing, and the trial court is entitled to consider the probation report and a statement from the victim regarding value of their loss. (See *People v. Foster* (1993) 14 Cal.App.4th 939, 946, superseded by statute on other grounds; *People v. Millard* (2009) 175 Cal.App.4th 7, 26 [the court can rely on the victim's testimony or statement of economic loss].) There is no requirement that the victim supply proof or detailed documentation of their loss. (*In re S.S.* (1995) 37 Cal.App.4th 543, 547, fn. 2.)

The People argue defendant forfeited his claim of insufficient evidence of commission wages by failing to make a timely and specific objection at the restitution hearing. (*People v. Smith* (2001) 24 Cal.4th 849, 852 [claims of sentencing error raised for the first time on appeal are forfeited].) The parties filed supplemental briefing regarding forfeiture and defendant alternatively argues that if his claim is forfeited defense counsel provided ineffective assistance of counsel. We disagree with the People that defendant forfeited his claim. The order for restitution was within the sentencing court's statutory authority and defendant objected that there was insufficient evidence to support the amount of the restitution fine at the restitution hearing. Thus, we will address the merits of defendant's claim.

On this record, we conclude the trial court used a " ' "rational method" ' " that can " ' "reasonably be said to make the victim whole." ' " (*People v. Valle*, *supra*,

4

93 Cal.App.5th at p. 1332; see also *People v. Tucker* (1995) 37 Cal.App.4th 1, 6 ["If a purpose of restitution is to make the victim whole, the court must consider the victim's situation had the crime not occurred at the time it makes its order."].)

The restitution amount ordered was based on a rational method. The evidence before the trial court was the victim's pay stubs showing five and a half months of earnings from 2022 ($13,646.28), a letter from a medical provider indicating the victim was not working for six months in 2023, and a declaration from the victim that he made roughly $2,600 per month.

It appears that the trial court relied on nearly six months of pay stubs from the previous year to corroborate the victim's declaration that he lost $15,600 in wages in 2023. The pay stubs evidenced that the victim made approximately $2,480 per month in 2022. As such, it was reasonable for the court to find the victim's payment records "support payments in the range" of $2,600 a month. The court also considered the victim's delay in seeking treatment and found that it was not uncommon for mental health symptoms to manifest months after a traumatic event, such as here where defendant drove his SUV toward the victim and then hit his truck.

Although counsel argued there was insufficient evidence to support the claimed amount of $15,600, defendant did not put on any witnesses or submit any evidence to contradict the evidence submitted by the People. (See *People v. Richardson* (2008) 43 Cal.4th 959, 1004 ["It is axiomatic that statements by counsel are not evidence"], superseded on other grounds by *People v. Nieves* (2021) 11 Cal.5th 404.) The court did not mention whether it considered commission wages in its restitution calculation and "[a]s a general rule, we presume that the trial court has properly followed established law" on a silent record. (*People v. Diaz* (1992) 3 Cal.4th 495, 567.) We conclude defendant has not established an abuse of discretion.

5

**DISPOSITION**

The judgment is affirmed.

/s/
WISEMAN, J.*

We concur:

/s/
DUARTE, Acting P. J.

/s/
RENNER, J.

---

*       Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.